**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CASA DE MARAVILLA, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO: 4:25-cv-06183** |
| **WILLIAM BONNER,** *et al.,* | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**DEFENDANTS' MOTION TO DISQUALIFY VENODHAR JULAPALLI**
**AS COUNSEL FOR PLAINTIFF CASA DE MARAVILLA, LLC.**

Defendants, William Bonner, Mark Ford, Matthew Turner Lucas Maish, Chris Currey, Paul Costantino, Matt Semenza, Gail Geerling, Christopher Boothby, Monument & Cathedral Holdings, LLC ("Agora"), Tola Development Group, LLC ("Tola"); Rancho Santana, Inc. ("RS Inc."); Propiedades Habitacionales Internacionales, S.A. ("International Living"); and Rancho Santana Inc. & Cía Ltda. ("Rancho SRL"), hereby file this Motion to Disqualify Venodhar Julapalli as counsel for Plaintiff Casa de Maravilla, LLC, and state as follows.[1]

**I.    Introduction.**

This is a dispute principally concerning the rights and obligations of Plaintiff, Casa de Maravilla, LLC ("CDM") as the owner of a lot in a community on the Pacific Coast of Nicaragua known as Rancho Santana. Venodhar Julapalli ("Julapalli"), in addition to signing the Complaint as counsel to CDM, is CDM's managing member. *See* Complaint at ¶ 9. He is also identified as an actor in the relevant events pleaded in the Complaint no fewer than 61 times. *See* Complaint ¶¶ 9,

---

[1] Counsel for Defendants contacted Mr. Julapalli via email to raise this issue and to ask whether Plaintiff would be engaging separate counsel. Mr. Julapalli stated that Plaintiff did not so intend. *See* **Exhibit A** hereto.

77, 78, 79, 81, 83, 86, 87, 88, 89, 90, 91, 94, 95, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 160, 161, 163, 165, 168, 169, 171, 172, 174, 187, 195, 202, 203, 204, 206, 207, 209, 210, 214, 215, 216, 218, 219, 220, 221, 248, 251, 260, 261, 262, 263, 265, 266, 267, 276(a), 277(a) through (d) and (g), and 307.

As made clear on the face of the Complaint, which includes dozens of references to him specifically, Julapalli is clearly an integral witness to this proceeding and therefore cannot serve as the sole counsel in this litigation. As those allegations make clear, prior to the real estate dispute at issue, Julapalli individually received publications that promoted Rancho Santana. *See* Comp. ¶ 77-89. Allegedly induced by those publications, Julapalli travelled to Nicaragua, formed CDM, and became CDM's managing member for the specific purpose of acquiring and managing property in Rancho Santana. *Id*. ¶ 9, 95-96. Once the real estate was acquired, it was Julapalli who paid the associated fees. *Id*. ¶ 154-172. It was similarly Julapalli who elected to stop paying fees at issue. *Id*. ¶ 215-221. Julapalli was the CDM representative at the May 15, 2023 "Owners Meeting" wherein CDM contends misleading representations were made. *Id*. ¶ 186-189. Julapalli was also a witness and a party to the communications concerning the alleged "blockade of G16." *Id*. ¶ 261–269.

As those allegations and many others make clear, if Julapalli is permitted to stay in his role as sole counsel, he will required to be both the lead advocate and star witness, as he is the only individual that will be able to provide the testimony necessary to support CDM's claims. For obvious reasons, that proposition is unworkable, and under the applicable rules Julapalli should be disqualified as a necessary witness whose testimony cannot be obtained from an alternate source. Moreover, given the nascent stage of this litigation, the substantial hardship exception to the rules of disqualification does not apply, as there is ample time for CDM to obtain alternative counsel.

For those reasons, and the reasons set forth below, the motion to disqualify Julapalli should be granted.

## II.    Legal Standard.

The party seeking disqualification of an opposing attorney "bears the burden of proof that disqualification is warranted." *Ayus v. Total Renal Care, Inc*., 48 F. Supp. 2d 714, 716 (S.D. Tex. 1999). The Fifth Circuit has stated that "[m]otions to disqualify are substantive motions affecting the rights of the parties and are determined by applying standards developed under federal law." *K.R. ex rel. Doe v. Clarity Child Guidance Ctr*., 4 F. Supp. 3d 856, 857 (W.D. Tex. 2014). For that reason, while federal courts may adopt state or ABA rules as their ethical standards, the questions of "whether and how these rules are to be applied are questions of federal law." *Id*. (quoting *In re Am. Airlines, Inc*., 972 F.2d 605 (5th Cir. 1992)). Under that structure, federal courts in Texas evaluating motions to disqualify consider the ABA Model Rules of Professional Conduct and the Texas Disciplinary Rules of Professional Conduct. *Id*.  ABA Model Rule 3.7 states that "[a] lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness." Texas Rule 3.08 is the corresponding rule and similarly states "[a] lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client." Importantly, while the ethical canons are a "useful guide for adjudicating motions to disqualify," they are not controlling and should not be applied inflexibly. *F.D.I.C. v. U.S. Fire Ins. Co*., 50 F.3d 1304, 1314 (5th Cir. 1995)

### III.    Argument.

#### A.    Julapalli Should Be Disqualified as His Testimony Is Necessary and Cannot Be Obtained from an Alternate Source.

As noted above, as the managing member of CDM and the likely sole person with knowledge concerning much of CDM's claims, Julapalli is attempting to play the roles of both lawyer and witness. That alone warrants disqualification as "[t]he proscription against an attorney serving as both an advocate and a witness in the same litigation is a long-standing ethical rule." *Lifestyles Unlimited, Inc. v. Davis*, No. CV H-18-2233, 2020 WL 12788263 at *1 (S.D. Tex. Sept. 8, 2020). When a motion to disqualify an attorney as a witness is filed, courts consider whether the potential testimony or evidence can be obtained from an alternate source, such as unrelated non-attorney witnesses who can testify in place of the attorney, or alternative evidence that can be presented in lieu of the potential testimony. *Id.* (*citing United States v. Starnes*, 157 F. App'x, 687, 693-94 (5th Cir. 2005)); *see also.Stuebing Automatic Mach. Co. v. Gavronsky*, No. 1:17-CV-127, 2017 WL 7596916 at *3  (S.D. Tex. Sept. 27, 2017) (evaluating a motion to disqualify a lawyer as a witness by assessing whether the potential evidence and testimony could be obtained from an alternate source).

Applied here, and made apparent on the face of the Complaint, Julapalli is a necessary witness given his role in running CDM and his role in the underlying real estate dispute. Critically, that testimony can only be obtained from Julapalli. Again, Julapalli was the individual that was "pitched . . . the promise of investing, retiring, and making rental income" at the Rancho Santana, which is one of the primary alleged predicate acts of racketeering with respect to CDM's RICO claims. *See* Compl. ¶ 276. Similarly, Julapalli was also the individual who was purportedly misled by "material and false representations to CDM" for the purposes of CDM's common law fraud claim. *Id.* ¶ 379–381. Julapalli will likewise be the necessary witness to establish that Defendant

4

Rancho SRL's alleged trespass "caused injury to CDM's right of possession" to support CDM's trespass claim. *Id*. ¶ 392. Julapalli will also be a necessary witness to substantiate CDM's claim for tortious interference, in that he is the sole managing member, and will therefore be necessary to testify about the "reasonable probability that CDM would have entered into a business relationship," but for Defendants' alleged interference. *Id*. ¶ 395. These are just some of the myriad examples of critical aspects of this litigation that will require Julapalli's testimony; and notably, there are no other individuals (at least based on the allegations in the Complaint) that will be available to testify to these crucial facts. Importantly, even though document discovery has not yet occurred, the allegations in the Complaint make clear that Julapalli will be required to testify on a number of important communications that he either sent or received. *Id*. ¶ 149–171, 179–185, 195–200, 202–206, 210–212.

Perhaps most importantly, the claims being made by Julapalli are highly disputed, meaning Defendants will be required to strenuously cross-examine him during depositions and at trial, and will require Julapalli to testify via affidavit in any dispositive motions. These are precisely the circumstances that warrant attorney disqualification. *Ayus*, 48 F. Supp. at 717 (disqualifying an attorney who "involved himself in the facts of the case" such that he became a necessary witness); *see Jones v. Kovacs*, 659 F. Supp. 835, 839 (S.D. Tex. 1987) (granting a motion to disqualify where the attorney was anticipated to give testimony that would be "material and relevant to a disputed issue in the case."); *see also Spencer v. BMW of N. Am., LLC*, 2015 WL 3936211 at *3–4 (W.D. Tex. June 26, 2015) (granting a motion to disqualify where the lawyer was a necessary witness and noting that the dual role "will significantly affect [the attorney's] effectiveness at trial and unnecessarily confuse the issues"). Considering all these factors, it is hard to fathom a clearer case

of an attorney needing to be disqualified as a necessary witness, and for that reason, Defendants' motion should be granted.

**B.      There Is No Substantial Hardship That Should Serve as an Exception to the Advocate/Witness Rule.**

While it cannot credibly be disputed that Julapalli is a necessary witness in this litigation, both the Model Rules and the Texas Rules recognize an exception the proscription against lawyers as witnesses where a claimant shows the proposed disqualification would cause "substantial hardship." *See* MPC 3.7(a)(3) and Texas Disciplinary Rules of Professional Conduct 3.08(a)(5). The application of the substantial hardship exception recognizes "[t]hat a balancing is required between the interests of the client and those of the tribunal and the opposing party." *MacNair v. Chubb Eur. Grp. SE*, No. CV 23-761, 2025 WL 1115681 at \*18 (E.D. La. Apr. 15, 2025). Decisions where disqualification is found to impose substantial hardship typically involve motions to disqualify that are filed close to trial, or cases where entire law firms would be disqualified instead of the singular attorney witness employed by that law firm. *See id*. (denying a motion to disqualify on the substantial hardship exception where the motion was filed two months before trial and where the counsel was on the witness list for seven months); *see also FDIC*, 50 F.3d at 1317 (noting that where the disqualification of a singular lawyer as a necessary witness was appropriate, the disqualification of the that attorney's partners within his law firm would impose substantial hardship and would be "[a] penalty disproportionate to the potential harm at issue.")

Inversely, cases considering a claim for substantial hardship where the litigation is still early in discovery and trial dates are far away routinely deny claims of substantial hardship. *Matthews v. Stolier*, 2015 WL 13544570 at \*3-4 (E.D. La. Dec. 23, 2015) (rejecting a claim for substantial hardship where discovery had just begun and trial was more than nine months away); *see also Lange v. Orleans Levee Dist*., 1997 WL 570689 at \*3 (E.D. La. Sept. 12, 1997) (declining

6

to find substantial hardship where there had been no discovery and five months remained before trial, noting that the "[r]ight to counsel of choice does not override the long-standing ethical rule against advocates testifying.").

Applied here, this case is still in the pleading stage, and therefore no discovery has commenced, and no trial dates have been set. Accordingly, in the event of disqualification, CDM will have ample time to retain new counsel and proceed with this litigation. As such, there is no basis to apply the substantial harm exception to the rule of disqualification of attorneys as necessary witnesses, and Julapalli should be disqualified.

**C.**  **In the Alternative to Full Disqualification, Julapalli Should Be Ordered to Obtain Co-Counsel, and Should Be Disqualified from Participating as Counsel at Trial, Should Be Barred from Taking or Defending Depositions, and Should Be Barred from Participating as Counsel in Evidentiary Hearings or Motions.**

Despite the line of authority supporting Julapalli's disqualification as sole trial counsel, there is also authority which suggests that Julapalli can serve as counsel during parts of the pretrial process. *See Ayus*, 48 F. Supp. at 718 (disqualifying a lawyer as a witness for trial, but permitting the lawyer to participate as counsel "[i]n taking depositions, engaging in pretrial discovery, and arguing pre-trial motions" *but not* representing the client at his own depositions, and not permitting the lawyer to argue pre-trial motions involving the lawyer's pre-trial testimony); *see also Johns L. Firm, LLC v. Pawlik*, No. 4:22-CV-01441, 2023 WL 3262034 at *6 (S.D. Tex. May 4, 2023) (noting that courts have "[d]istinguished between a lawyer's role at trial and in pretrial matters or matters outside a jury's presence" and allowing an attorney to represent a client during pretrial proceedings).

However, those decisions are highly distinguishable to the present circumstance. First, in each of those cases, the otherwise disqualified attorney, who was still not permitted to participate at trial, had co-counsel or were members of larger retained law firms who were part of the joint

representation. *See Ayus*, 48 F. Supp. at 717 (allowing members of the disqualified lawyer's firm to continue their representation of the claimant). *See Johns L. Firm LLC*, 2023 WL 326034 at * 5 (despite the need to disqualify "[a]nother attorney at Mr. John's firm can step in and serve" as trial counsel.). But applied here, there are no other attorneys representing CDM, and Julapalli appears to be a solo practitioner.

Moreover, as detailed above, Julapalli is integral to all aspects of the litigation. Therefore, to the extent Julapalli is inclined to argue that he should be permitted to stay on as sole counsel for CDM during the pretrial process, that position would similarly be untenable. For starters, Julapalli's future testimony will certainly overlap with any issues CDM seeks to discover in discovery. In any deposition taken or defended by CDM in this case, the information will all be relevant to Julapalli's future testimony or underlying knowledge of the issues in this litigation via his role as a necessary witness. Moreover, to the extent dispositive motions are filed, CDM's arguments in defense or in support of those motions will likewise be based on the same topics as Julapalli's future testimony, and are likely to require affidavits in his name, thereby impacting any future presentation at trial. As such, allowing Julapalli to remain as pretrial counsel, taking and defending depositions and arguing evidentiary hearings, will unnecessarily taint these proceedings, including a future trial.

Therefore, while Defendants contend that Julapalli should be fully disqualified from his current representation, at a minimum, he should be disqualified as CDM's trial attorney and this Court should enter an order preventing him from taking or defending depositions or participating in evidentiary hearings. However, the only way such an order would be possible would be for the

Court to require Julapalli to obtain co-counsel.[2] Therefore, in the event the Court is inclined to permit Julapalli to continue his representation during the pre-trial process, that representation must be significantly limited, and likewise must include an order requiring CDM to obtain additional counsel.

## IV.    Conclusion.

For the reasons set forth above, Julapalli is a necessary witness whose testimony cannot be obtained from an alternative source, and therefore he should be disqualified as counsel for CDM.

Respectfully submitted,

By: */s/ Emma L. Short*
     **Emma L. Short**
     Texas Bar No. 24101001
     Federal ID No. 3501711
     **BAKER, DONELSON, BEARMAN,**
     **CALDWELL & BERKOWITZ. P.C.**
     1301 McKinney Street, Suite 3700
     Houston, Texas 77010
     Telephone: (713) 650-9700
     Facsimile:  (713) 650-9701
     eshort@bakerdonelson.com

     ***Attorney for Defendants***

---

[2] Since CDM is a legal entity, it is required to have counsel in any pretrial proceeding. *See Texas Constr. Specialists, L.L.C. v. Ski Team VIP, L.L.C.,* 659 S.W.3d 67, 74 (Tex. App. 2022) ("A limited liability company cannot represent itself in a lawsuit but must be represented by a licensed attorney.").

9

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with counsel for CDM about this Motion and the relief sought herein on March 2, 2026, via telephone conference. After discussing the grounds for the request to disqualify Venodhar Julapalli, CDM noted its opposition to this Motion.

*/s/ Emma L. Short*
Emma L. Short


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served upon all parties of record via the ECF filing system on March 3, 2026.


*/s/ Emma L. Short*
Emma L. Short