United States District Court
Southern District of Texas
**ENTERED**
October 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASA DE MARAVILLA, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 4:25-cv-6183 |
| v. | § | |
| | § | |
| | § | |
| BONNER, WILLIAM, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**AGREED STIPULATED CONFIDENTIALITY ORDER**

WHEREAS, it is anticipated that the parties to this lawsuit will be producing documents and supplying information, which a party may regard as proprietary or otherwise confidential, during the discovery phase of this action;

WHEREAS, it is also anticipated that court filings in this matter will include references to documents or information that a party may regard as proprietary or otherwise confidential;

WHEREAS, it is further anticipated that deposition testimony in this matter will include references to documents or information that a party may regard as proprietary or otherwise confidential;

WHEREAS, the parties to this action desire to protect the confidentiality of any such proprietary or otherwise confidential documents or testimony furnished in the course of this action;

IT IS HEREBY stipulated and made an Order of the Court that—until this Stipulated Confidentiality Order is amended or superseded—all parties and their agents, including their employees and counsel, who are provided with Confidential Information (as defined below) shall

follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in this action.

**A. Scope**

1. This Order shall govern all documents and information produced by any party to this action, whether produced informally or pursuant to a formal discovery request, and shall also include all documents or information revealed during a deposition, in any interrogatory answer, or otherwise disclosed via discovery.

2. Nothing in this Order precludes any party from seeking relief from the Court with regard to the production of documents or information.

3. This Order does not alter any confidentiality obligations that a party may have at law or under another agreement.

4. Nothing in this Order shall be construed as an agreement or acknowledgment by the non-producing party that any document, testimony, or other information designated as "Confidential" or "Confidential—Attorneys' Eyes Only" (as those phrases are defined below) constitutes a trade secret or is in fact confidential.

**B. Confidential Information**

1. Materials may be designated as "Confidential" only when the producing party has a good-faith basis to believe that the material contains non-public, sensitive commercial, financial, personal, proprietary, trade secret, private, security-sensitive, or otherwise protected information. Materials may be designated as "Confidential—Attorneys' Eyes Only" only when the producing party has a good-faith basis to believe that disclosure to another party, party employee, in-house personnel, or other non-authorized person would create a substantial risk of competitive, commercial, privacy, security, or other serious harm that could not be avoided by a

less restrictive designation. Materials so designated as "Confidential" or "Confidential—Attorneys' Eyes Only" are referred to herein as "Confidential Information."

2. Documents shall be designated as Confidential Information by marking or stamping each page of any such document as "Confidential" or "Confidential—Attorneys' Eyes Only," or otherwise identifying such documents by Bates production numbers or other unequivocal identifier in writing to each party receiving the Confidential Information. In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged.

3. With respect to deposition testimony that constitutes, references, or reveals Confidential Information, confidential portions of the transcript may be designated on the record at the time the testimony is given, and additional portions may be designated as "Confidential" or "Confidential—Attorneys' Eyes Only" by page and line within fourteen (14) days after receipt of the final transcript. Until that fourteen-day period has expired, the entire transcript and all exhibits shall be treated as "Confidential," unless otherwise agreed in writing or unless portions were designated "Confidential—Attorneys' Eyes Only" on the record, in which case those portions shall be so treated. Any deposition portion involving Confidential Information shall be conducted outside the presence of persons not authorized to receive the applicable level of information. Documents designated as containing Confidential Information that are marked as exhibits, shown to the deponent, or otherwise used at deposition shall remain confidential and subject to this Order.

**C. Treatment of Confidential Information**

1. Except as otherwise provided in this Order or subsequent court rulings, documents designated as "Confidential" shall not be disclosed or shown to anyone other than the

following persons, and only to the extent such persons have a demonstrable need to know the information for purposes of this litigation:

(a) The parties, their employees, their agents, former employees, and former agents only when disclosure is reasonably necessary that Confidential Information be shown for purposes of this proceeding;

(b) Outside counsel for the parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(c) In-house counsel for the parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(d) Experts, consultants, vendors, interpreters, translators, litigation-support personnel, and their staff retained for purposes of this litigation, provided that each such person first executes the acknowledgment required by this Order;

(e) The Court or persons employed by the Court, including the jury;

(f) Duly qualified court reporters and videographers participating in these proceedings;

(g) Persons who were the authors or recipients of the documents in the ordinary course of business;

(h) Witnesses in preparation for or in the course of depositions or trial only to the extent reasonably necessary, provided that such witnesses are first advised of this Order, execute the acknowledgment required by this Order

unless excused by agreement or Court order, and are not permitted to retain copies of Confidential Information;

(i) Attorneys for any non-parties, including counsel for witnesses, document custodians, subpoena recipients, or other non-parties from whom discovery is sought or whose interests may be affected by the disclosure of Confidential Information, but only to the extent reasonably necessary for such attorneys to advise or represent the non-party in connection with this litigation, discovery, a subpoena, deposition preparation, deposition testimony, or other proceedings in this action, provided that such attorney is first advised of this Order and agrees to be bound by its terms; and

(j) Persons who, in addition to those identified above, are permitted access by either order of the Court or stipulation.

2. In the event that documents or testimony are designated as "Confidential—Attorneys' Eyes Only," such information shall not be disclosed or shown to anyone other than the persons described in paragraph C.1(b), C.1(d), C.1(e), C.1(f), C.1(g), C.1(j), and any other person permitted by written agreement of the producing party or order of the Court.

3. Confidential Information shall be used by the receiving party solely for the prosecution or defense of this litigation and only as provided in this Stipulated Confidentiality Order. Confidential Information shall not be used or employed for any other action, proceeding, or purpose whatsoever.

4. Notwithstanding anything to the contrary in the foregoing paragraphs, any party may use without restriction:

(a) its own documents or information;

(b) documents or information developed or obtained by a receiving party independently of discovery in this action; and

(c) documents or information that are or become publicly available other than through a breach of this Order.

5. Each person given access to designated Confidential Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulated Confidentiality Order. To the extent such person is neither a party nor employed by a party, such person shall, before any Confidential Information is disclosed, sign an agreement to be bound by this Order, submit to the Court's jurisdiction for enforcement, use the information only for this litigation, maintain the information securely, and return or destroy the information as required by this Order.

6. No Confidential Information shall be filed with the Court or used in a hearing unless the party seeking to file or use the Confidential Information has complied with the Court's procedures for filing or presenting material under seal and has provided, at least five (5) business days before the filing or hearing where practicable, written notice to all parties and any person designating the information as Confidential Information. This notice shall identify the specific information that the party intends to file or use. Any objections to such filing or use shall be made in writing to the Court within the five-day period with a request for an expedited hearing. If objections are lodged, the Confidential Information must not be filed publicly or used in a manner that publicly discloses its substance until further instruction from the Court, unless the information is filed provisionally under seal in accordance with the Court's sealing procedures. Nothing in this paragraph shall require a party to miss or forgo any Court-imposed deadline;

where a filing deadline would otherwise be missed, the party may file the Confidential Information provisionally under seal in accordance with the Court's sealing procedures pending the Court's resolution of any objection, and such provisional sealed filing shall satisfy the deadline.

7. The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter if, within fourteen (14) days of discovering the inadvertent failure to designate the material as confidential, the producing person or entity identifies the material produced and amends the designation. The inadvertent or other production of privileged, work-product, or otherwise protected material is governed by the parties' separate Order under Federal Rule of Evidence 502(d), and nothing in this Order shall be construed to enlarge, diminish, or otherwise modify the terms of that Order.

8. Each receiving party shall maintain Confidential Information using reasonable administrative, technical, and physical safeguards designed to prevent unauthorized access, disclosure, loss, or misuse. Confidential Information shall not be uploaded to public or consumer platforms or repositories, provided that commercially available litigation support, document review, electronic discovery, and cloud storage platforms that employ access controls and industry standard security measures are permitted. Electronic transmission of Confidential Information shall use password protection, encryption, secure file transfer, or comparable safeguards where practicable. Any receiving party that learns of any unauthorized disclosure, loss, compromise, or suspected breach involving Confidential Information shall promptly notify

the producing party and take reasonable steps to retrieve the information, prevent further disclosure, and mitigate any harm.

9. Within thirty (30) days after settlement or final adjudication, including appeals, of the action in which the documents have been produced, all Confidential Information supplied by the parties and non-parties, including all copies, extracts, summaries, databases, vendor-hosted materials, and other reproductions, shall, upon request, be returned or certified to have been destroyed or deleted, and the certification shall identify the categories of material returned, destroyed, or deleted. However, it is understood that each party may retain a complete file of all litigation documents filed with the Court in these actions and that work product in the possession or control of counsel for any party that reflects or includes information derived from documents or testimony designated as confidential will not be destroyed or deleted. Any retained materials that contain, reflect, summarize, quote, or otherwise reference Confidential Information under the terms of this Order shall not be disclosed or used for any purpose inconsistent with this Order. The obligations of confidentiality set forth in this Order shall survive the termination of this action and shall remain binding on all persons who have received Confidential Information. Any dispute concerning the application of this Stipulated Confidentiality Order shall be heard by the Court upon discovery letter by the objecting party. *See* Rule B.4, Court Procedures and Practices. Any violation of this Stipulated Confidentiality Order may result in sanctions and costs.

Stipulated to and Agreed to by:

October 1, 2026

Date

Counsel for Plaintiff

October 2, 2026

Date

Emma L. Short

Counsel for Defendants

It is so ORDERED.

OCT 0 8 2026

Date

The Honorable Alfred H. Bennett
United States District Judge